**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TONEY CURTIS SR.** | § | |
| | § | |
| **V.** | § | **A-15-CA-1072-LY** |
| | § | |
| **REVA L. TOWNSLEE CORBETT,** | § | |
| **JUDGE CARSON CAMPBELL,** | § | |
| **and SHERIFF OTTO H. HAENECK** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Washington County Jail. Plaintiff complains Judge Reva L. Townslee Corbett denied his request for bail reduction on July 16, 2015. Relatedly, Plaintiff alleges Judge Carson Campbell denied his subsequent request to fire court appointed counsel and his request for bail reduction. Finally, Plaintiff complains Sheriff Otto H. Haeneck is detaining Plaintiff on an excessive bond. Plaintiff

requests that his bond be reduced and he be allowed to fire court appointed counsel.  He also seeks an unspecified amount of monetary damages.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Requests for Monetary Relief

Plaintiff's requests for monetary relief are frivolous and should be dismissed.

1.      Judges Corbett and Campbell

Judge Corbett and Judge Campbell are entitled to absolute immunity for any acts performed as a judge.  It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction.  Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit.  Mireless v. Waco, 502 U.S. 9, 11 (1991).  Motive of the judicial officer is irrelevant when

2

considering absolute immunity.  See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12).  In the case at bar, Plaintiff does not complain of any actions taken by Judge Corbett or Judge Campbell that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction.  Accordingly, Judge Corbett and Judge Campbell are therefore protected by absolute immunity.

2.    Sheriff Haeneck

The Court must first address whether Plaintiff has stated a claim under 42 U.S.C. § 1983 against Sheriff Haeneck.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'"  Baker v. McCollan, 443 U.S. 137, 140 (1979); Green

3

v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).  "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (citing Baker, 443 U.S. at 140, 144 n.3).  Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation.  Id. at 817.

Plaintiff's only allegation made against Sheriff Haeneck is that the sheriff has held him on excessive bail.  As Sheriff Haeneck has no authority to reduce the bail set by the judge in the Washington County criminal case, Plaintiff's claim against the sheriff is frivolous.

C.    Requests for Injunctive Relief

Plaintiff requests the Court to reduce his bail and to allow him to fire his court appointed counsel.  Plaintiff's state criminal case is currently pending.  Accordingly, the Court should abstain from deciding these issues under the Younger abstention doctrine.  See Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995) (holding that Younger abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

RECOMMENDATION

It is therefore recommended that Plaintiff's claims for monetary relief be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that Plaintiff's claims for injunctive relief be dismissed without prejudice pursuant to the Younger abstention doctrine.

4

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of January, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE